AIKIN & FLAVEL, Plaintiffs in Error, *v.* LEONARD & GREEN, Defendants in Error.

### *Error to Clatsop.*

1. When a witness is allowed to give his understanding of a conversation, and his other testimony shows that his understanding was correct and true, the judgment will not be reversed on that ground, though it is error.
2. A judgment will not be reversed for an error in the court below, when it affirmatively appears that such error has worked no injury to the parties.

THE bill of exceptions, in this case, sets out the testimony of one Seymour, a witness for plaintiffs, from which it appears, that the parties to this suit had an interview in reference to certain debts, due from defendants to plaintiffs, one book ac-

count, one to witness, one to McConnell, and that an arrangement was made by which plaintiffs assumed the debts due witness and McConnell, and that certain papers were executed, among which was a bill of sale from defendants to plaintiffs. Witness then stated that plaintiff, Green, took the bill of sale in his hands, and said, "Now, this is all right; this will apply on these debts, or is to secure these debts." Plaintiff then asked witness "what debts he understood Mr. Green to refer to?" To which question defendants objected; but the court overruled the objection, and the witness answered, "that he understood Mr. Green to mean the book account, and the debts due to witness and McConnell."

*A. Campbell,* for plaintiffs in error.

*D. Logan,* for defendants in error.

WILLIAMS, C. J. We assent to the proposition that there was error in this decision of the court below, but cannot, therefore, conclude to reverse the judgment. Plaintiffs in error were in no way prejudiced by the answer of the witness, for his statement was an inevitable conclusion from the preceding parts of his testimony.

He states particularly what was said and done about the book account, and the debts due witness and McConnell, and while these were fully talked over and arranged, no allusion was made to any other claim or debt.

Generally a witness should not give his understanding of an interview between the parties, but state what they said or did ; but if he does declare his understanding, and his other testimony manifestly shows that it was correct and true, a judgment will not be reversed on that ground. The doctrine is well settled, that a judgment will not be reversed for an error in the court below, where it affirmatively appears that such error has worked no injury to the parties. (*Osborn* v. *the State,* 7 *Ohio,* 212 ; *Harman* v. *Kelly et al.* 14 *Ohio,* 502.)

Judgment affirmed.